SPENCER W. MATHEWS, assignee, *vs.* ASA F. RIGGS.

Waldo.    Opinion January 28, 1888.

*Insolvent law.    Preference.*

When a creditor receives a payment from his debtor, and the transaction is of such a nature as to give him a reasonable cause to believe that the debtor was insolvent, it will be regarded as a preference in fraud of the insolvent act.

If the payment is received through an agent of the creditor, and the agent had knowledge of the insolvency of the debtor, that is effectual to charge the creditor with knowledge.

ON report.

The opinion states the case.

*W. P. Thompson and R. F. Dunton,* for the plaintiff, cited: R. S., c. 70, § 52; Bump, Bank'y, 832, 836; *Otis* v. *Hadley,* 112 Mass. 105; *Meserve* v. *Weld,* 75 Maine, 483; *Tuttle* v. *Truax,* 1 N. B. R. 601; *Re Palmer,* 3 N. B. R. 283; *Re Meyer,* 2 N. B. R. 422; *Re Coleman,* 2 N. B. R. 563; *North* v. *House,* 6 N. B. R. 365; *Scammon* v. *Cole,* 5 N. B. R. 257; *Collins* v. *Bell,* 3 N. B. R. 587; *Heywood* v. *Reed,* 4 Gray, 574; *Beals* v. *Clark,* 13 Gray, 18; *Forbes* v. *Howe,* 102 Mass. 427; *Toof* v. *Martin,* 13 Wall. 40 (20 L. ed. 481); *Warren*

v. *Delaware L. & W. R. Co.* 7 N. B. R. 451; *Merrill* v. *McLaughlin*, 75 Maine, 64; *Wilson* v. *Stoddard*, 4 N. B. R. 254; *Re Kingsbury*, 3 N. B. R. 318; *Ungewitter* v. *Von Sachs*, 3 N. B. R. 723; *Graham* v. *Stark*, 3 N. B. R. 357; *Vogle* v. *Latrobe*, 4 N. B. R. 439; *Markson* v. *Hobson*, 2 Dill. 327; *Mayer* v. *Hermann*, 10 Blatchf. 256; *Oxford Iron Co.* v. *Slafter*, 13 Blatchf. 455.

*William H. Fogler*, for defendant.

In order to recover the plaintiff must prove four things: First. That at the time of the transfer of the stock to the defendant, Mrs. Morrison was insolvent or in contemplation of insolvency. Second. That the transfer in question was made with a view to give a preference to the defendant over other creditors. Third. That at the time of said transfer the defendant had reasonable cause to believe that Mrs. Morrison was insolvent or in contemplation of insolvency. Fourth. That the defendant also had reasonable cause to believe that such conveyance was made in fraud of the laws relating to insolvency. R. S., c. 70, § 52; *Merrill* v. *McLaughlin*, 75 Maine, 64; *Forbes* v. *Howe*, 102 Mass. 427; *Abbott* v. *Shepard*, 142 Mass. 17; *Toof* v. *Martin*, 13 Wall. 40.

The insolvent act does not define what shall constitute "insolvency." The term is used in its restricted sense to express the inability of a party to pay his debts as they become due, only in case of merchants or traders. As to all other persons it is used in its general signification, to denote the insufficiency of the entire property and assets of an individual to pay his debts. See *Toof* v. *Martin*, 13 Wall. 40, in which this distinction in the use of the term is recognized and adopted.

In order that the transaction be declared void it must appear that the defendant had "reasonable cause to believe" that Mrs. Morrison was "insolvent or in contemplation of insolvency," and that the transfer was "made in fraud of the laws relating to insolvency." R. S., c. 70, § 52.

In reference to the meaning of the phrase "having reasonable ground to believe such a person insolvent," it is not enough that a creditor has some cause to suspect the insolvency of the debtor,

but he must have such a knowledge of facts as to induce a reasonable belief of his insolvency. *King* v. *Storer*, 75 Maine, 62 ; *Grant* v. *National Bank*, 97 U. S. 80 ; *Priest* v. *Barbour*, 103 *Id.* 293 ; *Everett* v. *Stowell*, 14 Allen, 32 ; *Purinton* v. *Chamberlain*, 131 Mass. 589 ; *Abbott* v. *Shepard*, 142 Mass. 17 ; *Coburn* v. *Proctor*, 15 Gray, 38.

HASKELL, J. Case by the assignee of an insolvent debtor to recover from the defendant the value of eighty shares in a corporation received by him from the insolvent debtor within four months of insolvency proceedings as a fraudulent preference under the insolvent law.

No questions are raised as to the form or sufficiency of the declaration, but the cause is submitted upon the merits.

On March 6, 1886, prior to insolvency proceedings begun May 27, 1886, the debtor, being hopelessly insolvent and not able to meet her maturing demands in the ordinary course of business, *Clay* v. *Towle*, 78 Maine, 86, assigned to the defendant eighty shares of Coliseum stock of the par value of twenty-five dollars each and of the actual value of fifty or sixty cents on the dollar, amounting to some one thousand or one thousand two hundred dollars, in exchange for her son's notes, amounting to one thousand nine hundred and twenty-eight dollars, and not due for a year to come, upon which she was an indorser.

This transaction was not in the usual and ordinary course of business, and was therefore *prima facie* fraudulent, R. S., c. 70, § 52, and must be so considered unless the contrary appears. *Scammon* v. *Cole*, 1 Hask. 214 ; affirmed in 3 Cliff. 472.

On the same day, the debtor conveyed other parcels of her property in a manner indicating no desire to distribute the same equally among all her creditors, and there can be no doubt but that she intended a preference to the defendant. *Merrill* v. *McLaughlin*, 75 Maine, 64.

The defendant denies that he knew of the debtor's insolvent condition ; but the transaction was of such character as to at least give him reasonable cause to believe her insolvent, and that is all that the statute requires. *Merrill* v. *McLaughlin*, *supra*. He

admits that he applied to the insolvent's son to negotiate the transaction for him.  He says, " Mr. Morrison acted for me at my request.  He was acting for me in negotiating for the exchange of the notes for the stock."  Mr. Morrison testifies, " I knew my mother's financial condition in the winter and spring of 1886."

The defendant sought the exchange of his notes for stock in value scarcely exceeding one-half the face of the notes, when the notes had run only half their time and would not fall due for a year to come.  He employed an agent to accomplish the exchange who knew of the debtor's insolvency and no doubt conferred with his principal about the advisability of the exchange.

Moreover, the knowledge of the debtor's financial condition by Morrison, the defendant's agent, is just as effectual to charge the defendant with such knowledge as though he actually possessed it.  *Re Edward Meyer*, 2 B. R. 422; *Vogle v. Lathrop*, 4 B. R. 439; *North v. House*, 6 B. R. 365; *Markson v. Hobson*, 2 Dillon, 327; *Meyer v. Hermann*, 10 Blatch. 256.

" The general rule that a principal is bound by the knowledge of his agent is based on the principle of law that it is the agent's duty to communicate to his principal the knowledge which he has respecting the subject matter of negotiation, and the presumption that he will perform that duty."  *The Distilled Spirits*, 11 Wall. 367.

" The general doctrine that the knowledge of an agent is the knowledge of the principal cannot be doubted."  *Hoover v. Wise*, 1 Otto, 310; *Bank v. Davis*, 2 Hill, 451; *Ingalls v. Morgan*, 10 N. Y. 178; *Fulton Bank v. N. Y. & S. C. Co.* 4 Paige, 127.

The court is constrained to hold that the defendant had reasonable cause to believe that his debtor was insolvent and that he received the property sued for in fraud of the insolvent law.

> *Defendant defaulted for one thousand dollars and interest from March 6, 1886.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.